CHARLES W. McCUTCHEN AND OTHERS v. BOARD OF EQUALIZATION OF TAXES AND MAYOR AND ALDERMEN OF JERSEY CITY.

Submitted March 18, 1915—Decided June 7, 1915.

Flour was shipped from the northwest to New York on through bills of lading; it was unloaded and held at the pier in Jersey City for the purpose of repacking and blending. *Held*, that the continuous journey was thereby broken and the flour was subject to local taxation.

On *certiorari* of taxes.

Before Justices SWAYZE, PARKER and KALISCH.

For the prosecutors, *Gilbert Collins, George S. Hobart* (*Robert J. Bain* on the brief).

For Jersey City, *John Bentley.*

The opinion of the court was delivered by

SWAYZE, J. The question is the same decided recently in a case involving the tax of another year. The opinion in that case is said not to have been reported. It may serve as our opinion in the present case.

The question is the right of Jersey City to tax flour held on a pier in Jersey City for the purpose of repacking and blending. The flour is shipped from the northwest to New York City, on through bills of lading; freight is paid through. Instead of transporting the flour immediately upon its arrival across the river by lighters, it is unloaded and held at the pier for the purposes mentioned. The liability of the railroad company for local taxes on this pier was before the Court of Errors and Appeals in *Lehigh Valley Railroad Co.* v. *Jersey City*, 80 *N. J. L.* 298. The test of the right to tax goods shipped from one state to another and detained in course of transportation is settled by the case of *Lehigh*

*and Wilkes-Barre Coal Co. v. Junction,* 75 *N. J. L.* 922. If the goods are actually in the course of a continuous journey, they are not subject to taxation. The difficulty is to decide what breaks the continuity of the journey. In this case it was broken by repacking and blending the flour upon the pier. Whether mere repacking would suffice may perhaps be arguable, although the packages that go on to destination are not the same packages that are landed on the pier; but surely the flour after blending is a different commodity. It is blended for the very purpose of making something different, a quality that is or is supposed to be more salable. The process of blending is no doubt different from the process of grinding grain into flour, but in each case a different commodity is produced.

This view is sustained by the decisions of the United States Supreme Court. In *General Oil Co. v. Crain,* 209 *U. S.* 211, the oil was held at Memphis for the purpose of putting it in barrels for further transport. It was held that it was subject to the jurisdiction of Tennessee.

The taxes are affirmed, with costs.