**TEXAS PRUDENTIAL INSURANCE COMPANY, Appellant,**

v.

**The CITY OF DALLAS, Appellee.**

No. 3308.

Court of Civil Appeals of Texas.

Waco.

Oct. 6, 1955.

Rehearing Denied Oct. 13, 1955.

Thompson, Knight, Wright & Simmons, Pinkney Grissom, David M. Kendall, Jr., Dallas, for appellant.

H. P. Kucera, City Atty., Ted P. Mac-Master, Asst. City Atty., R. A. McBean, Asst. City Atty., Dallas, for appellee.

McDONALD, Chief Justice.

This suit was brought by the City of Dallas as plaintiff against the defendant Insurance Company to recover personal property taxes levied upon the furniture and fixtures kept by the defendant in its branch offices in the City of Dallas, such taxes having been levied and assessed for the years 1931 through 1953. Defendant is a domestic life insurance company with its principal office and place of business in the City of Galveston, Texas.

The defendant Insurance Company plead that under the provisions of Article 3.15 of the Insurance Code of 1951 (formerly Article 4739 R.C.S.1925) the taxable situs of the personal property involved was Galveston, Texas, and that the City of Dallas was without authority or power to levy and assess taxes on such property.

By amended petition the City of Dallas plead that Article 3.15 of the Insurance Code of 1951 was not applicable to the property in question, and in the alternative, that if the article did apply that it was unconstitutional.

Trial was before the court without a jury, which rendered judgment for the plaintiff City for the taxes sued for. The Trial Court found, among other things, that Article 3.15 of the Insurance Code did not apply to fix the situs of the personal property involved in this suit for tax purposes, and that in the alternative, if it did apply, it was unconstitutional.

There are two dominant questions involved in this appeal: (1) Does Article 3.15 of the Insurance Code fix the situs of the personal property herein involved, for tax purposes, to be in Galveston, Texas, and (2) Is Article 3.15 constitutional?

Defendant Insurance Company was organized under the laws of Texas for the purpose of writing life insurance and maintaining *its office and principal place of business in Galveston, Texas.* Branch offices are located in other cities, including Dallas.

Chapter 3 of the Insurance Code of 1951 deals entirely with life, health, and accident insurance. Article 3.01 defines a domestic company as a life, health or accident insurance company incorporated and formed in the State of Texas. Article 3.15 provides in substance that any domestic company may deposit with the State Treasurer securities in which its capital stock is invested, or other securities equal in amount to its capital stock; that the State Treasurer shall execute a receipt for same; that such company may advertise such fact and print a copy of the Treasurer's receipt on its policies; that such company's officers shall be permitted to examine such securities, and detach interest coupons; and the deposit provided for shall be maintained as long as the company shall have outstanding any liability to its policyholders in this state. The last sentence of the Article reads as follows:

> *"For the purpose of state, county, and municipal taxation, the situs of all personal property belonging to such companies shall be at the home office of such company."*

Prior to the enactment of the Insurance Code of 1951, the provisions of Article 3.15 were found in Article 4739 R.C.S.1925. Both statutes were derived from Acts of 1909, Chapter 108, which was a compre-

hensive statute passed by our Legislature covering life, accident, and health companies, and entitled, among other things, an act to *"fix the situs of personal property of such companies for purpose of taxation"*.

 Plaintiff City contends that the words *"all personal property"* in the last sentence of Article 3.15 applies to securities only, since the first portion of the Article concerns securities. We believe, however, the mere fact that Article 3.15 deals with the deposit of securities in the first portion is no justification to limit the meaning and application of the last sentence to securities only. To do so would be violative of the plain and unambiguous meaning of the words *"all personal property"*. We believe that the words *"all personal property"* to be plain language of easy understanding, and that same means exactly that which is said and expressed, namely, *"all personal property"*.

From the foregoing we conclude and hold that Article 3.15 of the Insurance Code of 1951 as well as the Articles from which it was derived, fixes the situs of *all personal property* of a domestic life insurance company to be at the home office of such company, which in the instant case is Galveston, Texas.

It now remains to determine whether or not Article 3.15 (supra) is constitutional. The plaintiff City contends that the Act is unconstitutional as being violative of Sections 1, 2 and 11 of Article VIII, and Section 5 of Article XI of the Constitution of Texas, and further, that same was violative of Article 1177 R.C.S. and of Chapter XII, Section 181 of the Charter of the City of Dallas.

 Section 1 of Article VIII requires that taxation shall be equal and uniform. Its other provisions are not pertinent to this case. Section 2 of Article VIII is concerned with occupation taxes and does not appear to be in point. Section 5, Article XI provides that certain cities may levy, assess and collect such taxes as

may be authorized by law or by their charters. Article 1177 R.C.S. is merely a general grant of power and does not deal specifically with taxes. A specific act of legislation will supersede a general act where the general act does not, by its terms, show any intention to establish a law contrary to that contained in the specific act. Chapter XII, Section 181 of the Charter of the City of Dallas merely gives the City the authority to tax all property within the city except such property as may be exempt from taxation. The City Charter cannot overcome the specific provisions of a statute of the Legislature. The City, having derived its power to tax from the Legislature, obviously has power only to tax such property as the Legislature declares to be within the taxing power of the City. Section 11, Article VIII is the most pertinent provision with which this suit is concerned and provides in part:

*"All property, whether owned by persons or corporations shall be assessed for taxation, and the taxes paid in the county where situated, * * *."*

 The case of Great Southern Life Insurance Co. v. City of Austin, 112 Tex. 1, 243 S.W. 778, 782, decided by our Supreme Court, is determinative of this case. In that case our Supreme Court *specifically upheld the constitutionality of the statute which is here under attack*. The Supreme Court said, in holding the statute constitutional:

*"Our conclusion is that * * * when the Constitution declared all property should be taxed in the county where situated, it meant where situated for the purpose of taxation under the common law, the general body of law then in existence.*

* * * * * *

*"Since we have concluded that this constitutional provision is to be construed according to the principles of the common law, it necessarily follows that the Constitution leaves the field open for reasonable legislative action.*

\* \* \* \* \* \*

"\* \* \* *as to personal property, which necessarily includes intangible personal property, that the Legislature has the power to fix its situs for the purpose of taxation* \* \* \*.

\* \* \* \* \* \*

"*Having determined that the Constitution did not of itself fix any definite situs for the taxation of intangible property, but left such situs to be determined under the rules of the common law as then understood, and having determined that the Legislature had authority to fix the situs of such property at the domicile of the owner, it necessarily follows that section 38, chapter 108, General Laws of the 31st Legislature, fixing the taxable situs of the personal property referred to therein at the domicile of the companies named, is constitutional and must be upheld.* \* \* \*"

The foregoing decision of our Supreme Court was followed and the statute here under attack was held constitutional in American Indemnity Co. v. City of Austin, 112 Tex. 239, 246 S.W. 1019. See also, Texas Fidelity & Bonding Co. v. City of Austin, 112 Tex. 229, 246 S.W. 1026; Texas Employers Ins. Ass'n v. City of Dallas, Tex.Civ.App., 5 S.W.2d 614, w/e Refused.

Plaintiff City urges that the holding in the Great Southern case, supra, is applicable to *securities or intangible personal property only.* We do not so interpret or construe that case, and conclude from a careful study thereof that its holding is equally applicable to *all* personal property, which necessarily includes tangible as well as intangible personal property.

It follows that Article 3.15 is applicable to "*all personal property*", and not to intangible personal property only; that it fixes the situs of the personal property herein involved for tax purposes, to be Galveston, Texas; and that Article 3.15 as construed and interpreted in the instant case is not violative of our State Constitution.

Accordingly, the judgment of the Trial Court is reversed and judgment here rendered that the City of Dallas take nothing.