397 P.2d 298

**FOULGER EQUIPMENT COMPANY,**
a Utah corporation, Plaintiff,

v.

**STATE TAX COMMISSION of Utah and**
Orville Gunther et al., Defendants.

No. 10222.

Supreme Court of Utah.

Dec. 11, 1964.

William C. Bailey, Salt Lake City, for plaintiff.

A. Pratt Kesler, Atty. Gen., F. Burton Howard, M. Reed Hunter, Asst. Attys. Gen., Salt Lake City, for defendants.

HENRIOD, Chief Justice.

Petition for writ of mandate to require the Commission to promulgate rules with respect to administration of the so-called "freeport" legislation.[1] Denied, without costs.

■ The legislation involved, mentioned in footnote 1 is unconstitutional, and violative of Art. XIII, sec. 2, Utah Constitution.[2] Being so, the Commission's refusal to formulate rules [3] is not significant.

■ Any argument in this case to the effect that the statute was effective until this court passed on its constitutionality, is abortive and unrealistic. The statute, being unconstitutional, did not validate any exemption favorable to petitioner, and we so hold. Placing the matter before the electorate did not validate the legislation.[4]

⌐ What the legislature does in futuro in the light of this decision and the outcome at the polls with respect to the proposed constitutional amendment, is *its* business, not ours.[5]

McDONOUGH, CALLISTER, CROCKETT and WADE, JJ., concur.

---

1. Title 59-2-14, Utah Code Annotated 1953 (Senate Bill 27, 1963; Laws of Utah 1963, Ch. 131, Sec. 1, p. 461, Mar. 13, 1963, eff. May 14, 1963).
2. "All tangible property in the state, not exempt under the laws of the United States, or under this constitution, shall be taxed in proportion to its value ✳ ✳ ✳."
3. Title 59-2-4, Utah Code Annotated 1953 (Senate Bill 27, 1963, Ch. 131, sec. 4, supra, footnote 1).
4. S.J.R. # 5, 35th Legislature, Laws of Utah 1963, p. 670, Mar. 13, 1963.
5. For authorities, see Utah Attorney General opinion No. 64-035, July 23, 1964, and briefs in case No. 10222, bound volumes, this court.