

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

February 3, 1966

Honorable J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas

Opinion No. C-592

Re: Whether authority lies in
the County Judge to call
an election under Article
2767, V.C.S., for the
abolishment of a school
district consolidated less
than three years, and re-
lated question.

Dear Mr. Edgar:

Your request for an opinion on the above-captioned
matter is based upon facts stated in your letter as follows:

"Almost two years ago, in February 1964,
the Telephone Rural High School District and
Sam Rayburn Independent School District were
consolidated by election(s) had pursuant to
Articles 2922L(7) and 2806, Vernon's Civil
Statutes, to form the present Sam Rayburn
(Consolidated) Independent School District,
located in Fannin County.

"The County Judge of Fannin County has
recently been presented with a petition signed
by more than ten per cent of the qualified
voters of said new consolidated district re-
questing he call an election pursuant to
Article 2767, V.C.S., for the purpose of
determining whether such school district
should be abolished.

"Opponents to the petition have called
the County Judge's attention to Article 2815,
V.C.S., wherein is stated that no election for
the dissolution of a consolidated district shall
be held until three years have elapsed after the
date of the election at which such districts were

-2858-

consolidated. Less than two years have elapsed since the Sam Rayburn district was created by a consolidation election."

At the instance of the County Judge, you have requested an opinion on the following questions:

"1. Under Article 2767, does authority lie in the County Judge to call an election for the abolishment of the school district consolidated less than three years?

"2. If so, is it mandatory that he call it?"

Article 2806, Vernon's Civil Statutes, provides for the calling of an election on the issue of consolidating contiguous common school districts, independent school districts, or combinations of common and independent districts, upon the petition of twenty or a majority of the legally qualified voters of each of the affected districts. Article 2922L(7), Vernon's Civil Statutes, extends the provisions of Article 2806 to include consolidation of rural high school districts with independent school districts. Article 2815, Vernon's Civil Statutes, provides that consolidated districts "may, in the same manner provided for their consolidation, be dissolved and the districts included therein restored to their original status, * * *"; but it further provides that "no election for the dissolution of said consolidated districts shall be held until three (3) years have elapsed after the date of the election at which such districts were consolidated."

Article 2767, Vernon's Civil Statutes, the statutory authority invoked by the petition which has been presented to the County Judge of Fannin County, reads in part as follows:

"Any independent school district incorporated for free school purposes under the laws of Texas, may be abolished in the manner herein provided:

"The County Judge of any county in which any independent school district or part thereof is situated, upon presentation of a petition in writing signed by ten per cent (10%) of the qualified voters residing in such independent school district shall order an election for such purpose , * * *."

This statute does not impose any restriction on the time, in relation to the last preceding change in the composition, organization or nature of the district, at which an election for abolishment may be held.

There are several marked differences between the procedure for dissolution of a district under Article 2815 and that for abolishment under Article 2767. For example, Article 2815 requires that the election be initiated by a petition of twenty or a majority of the voters of each of the formerly existing districts which compose the consolidated district, and for effectuation of the dissolution it requires a majority vote in favor of dissolution in each of the formerly existing districts. Consolidated Common School Dist. No. 5 v. Wood, 112 S.W.2d 231 (Tex.Civ.App. 1937, error dism.). Upon dissolution, each of the component former districts is restored to its original status, by express provision of Article 2815. On the other hand, Article 2767 requires a petition of ten per cent of the voters residing in the district, without regard to their geographical distribution, and abolishment is effectuated upon a favorable vote of a majority of the voters participating in the election, again without regard to their geographical distribution. After abolishment, the county board of school trustees is invested with the power conferred by Article 2681, Vernon's Civil Statutes, to order whatever disposition it sees fit of the territory within the abolished district. Att'y Gen. Op. V-1083 (1950).

However, the two procedures have in common that each calls for a determination of the issue by an election initiated by a petition of voters, and upon a favorable vote each results in termination of the district's existence.

Without passing on whether the procedure in Article 2767 could be used as a method for terminating the existence of a consolidated district after the lapse of three years from the date of consolidation, we are firmly of the opinion that it may not be used during this three-year period where the district's status has remained unchanged since the date of a consolidation election held pursuant to Article 2806.

Where there is a conflict or a repugnancy between a general provision of law and a provision relating to a specific matter, the specific provision controls and supersedes the general provision with respect to the matter embraced in the specific statute. Cole v. State, 106 Tex. 472, 170 S.W. 1036 (1914); Townsend v. Terrell, 118 Tex. 463, 16 S.W.2d 1063 (1929); Hallum v. Texas Liquor Control Board, 166 S.W.2d 175 (Tex.Civ.App. 1942, error ref.); Texas Prudential Ins. Co. v. City of Dallas, 282 S.W.2d 723 (Tex.Civ.App. 1955; affirmed 156 Tex. 36, 291 S.W.2d

693).

As we view it, the three-year waiting period provided in Article 2815 was intended to require that the consolidation be given a minimum trial period of three years before it could be nullified by the will of the voters at an election initiated by a voters' petition. To permit abolishment within this period by an election held under Article 2767 creates a conflict between the two statutes in permitting accomplishment by indirection what Article 2815 plainly was intended to prevent. Accordingly, it is our opinion that your first question should be answered in the negative. It therefore becomes unnecessary to answer your second question.

### S U M M A R Y

An election for abolishment of a consolidated independent school district may not be called under Article 2767, V.C.S., within three years after the consolidation election held pursuant to Article 2806, V.C.S., where no change has been made in the status of the district subsequent to the consolidation election, because the election for abolishment would be repugnant to the provision in Article 2815, V.C.S., prohibiting the holding of an election for dissolution of a consolidated district until three years after the consolidation election, and the specific provision of Article 2815 controls over the general provision of Article 2767.

Very truly yours,

WAGGONER CARR
Attorney General

By: Mary K. Wall
Mary K. Wall
Assistant

MKW:ra:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
Alan Minter
Ralph Rash
Harold Kennedy
APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright