

# The Attorney General of Texas

December 27, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Mike Westergren
Nueces County Attorney
Corpus Christi, Texas 78401

Honorable George N. Rodriguez, Jr.
El Paso County Attorney
Room 201, City-County Building
El Paso, Texas 79901

Opinion No. H-1308

Re: Whether article 7150f,
V.T.C.S., is constitutional, and if
so, whether it applies to petro-
leum products.

Gentlemen:

You have requested advice regarding article 7150f, V.T.C.S., which exempts from taxation certain property temporarily in the state. Mr. Rodriguez wishes to know whether the statute is an unconstitutional attempt to exempt taxable property from taxation. Mr. Westergren wishes to know whether the exemption extends to and includes crude oil and petroleum products.

Article 7150f, V.T.C.S., known as the "freeport" law, provides as follows:

> All property consigned to a consignee in this State from outside this State to be forwarded to a point outside this State, which is entitled under the tariffs, rules, and regulations approved by the Interstate Commerce Commission to be forwarded at through rates from the point of origin to the point of destination, if not detained within this State for a period of more than ninety (90) days, shall be deemed to be property moving in interstate commerce, and no such property shall be subject to taxation in this State. Goods, wares, ores, and merchandise originating outside this State, whether consigned to or owned by a taxpayer, shall be deemed to be located in this State for only a temporary period, do not acquire taxable situs in this State, and are not subject to taxation in this State if not detained more than nine (9) months and if such goods, wares, ores, and merchandise are so

p. 5145

held for assembly, storage, manufacturing, processing or fabricating purposes. It is further provided that personal property originating outside this State and transported into this State for sale within this State must be assessed as any other personal property. Provided further, that all laws and parts of laws in conflict herewith are hereby repealed to the extent of such conflict only.

The statute prevents taxation of certain property under two different situations: (1) where property consigned to someone in the state is entitled to pass through the state at through rates subject to a 90 day limitation; (2) where "goods, wares, ores, and merchandise" originating outside of the state are in the state for under nine months for purposes of assembly, storage, manufacture, processing, or fabrication. The first provision of article 7150f operates by deeming that the property is moving in interstate commerce and thus not subject to state taxation. The second provision operates by denying the goods, wares, ores, and merchandise a taxable situs in Texas. The constitutional question is directed at both provisions, while the question as to the inclusion of petroleum products concerns only the second provision.

Article 8, section 1 of the Texas Constitution provides for the taxation of "[a]ll property in this State." Article 8, section 2 provides for specific exemptions from taxation and states that "all laws exempting property from taxation other than the property mentioned in this Section shall be null and void." Other provisions provide for tax exemptions not relevant here. See, e.g., Tex. Const. art. 11, § 9 (property of counties, cities, and towns owned for public purposes). The framers of the Constitution intended that all property be subject to taxation unless specifically exempted by the Constitution or by the legislature under constitutional authorization. City of Wichita Falls v. Cooper, 170 S.W.2d 777 (Tex. Civ. App. — Fort Worth 1943, writ ref'd); see Leander I.S.D. v. Cedar Park Water Supply Corp., 479 S.W.2d 908 (Tex. 1972). The state is prohibited by the interstate commerce clause of the United States Constitution from taxing goods in transit through the state. U.S. Const. art. 1, § 8; Champlain Realty Co. v. Town of Brattleboro, 260 U.S. 366 (1922); Tex. Const. art. 1, § 1. See Calvert v. Zanes-Ewalt Warehouse, Inc., 502 S.W.2d 689 (Tex. 1973), app. dis., 416 U.S. 923 (1974).

Whether the property described in the first provision of article 7150f should in fact be free of state taxation depends on whether it is actually moving in interstate commerce. As long as property remains in transit or is delayed only for reasons incidental to transportation, such as a breakdown of the carrier, the state may not tax it. Champlain Realty Co. v. Town of Brattleboro, supra at 376. If there is an interruption between the point of origin and final destination for purposes not incidental to transportation, the continuity of transit is broken and the shipment subject to local taxation. Minnesota v. Blasius, 290 U.S. 1 (1933) (livestock held for sale); Bacon v. People, 227 U.S. 504 (1913) (storage of grain); General Oil Co. v.

Crain, 209 U.S. 211 (1908) (oil stored and put in barrels for distribution); McCutchen v. Board of Equalization of Taxes, 94 A. 310 (N.J. 1915) (repacking and blending of flour). See Calvert v. Zanes-Ewalt Warehouses, Inc., supra (cigarettes received in Texas for distribution were subject to taxing jurisdiction of state). Whether or not interstate commerce has been interrupted sufficiently for the state to tax is determined by applying legal principles to the facts of the case. Independent Warehouses, Inc. v. Scheele, 331 U.S. 70 (1947); Hughes Brothers Timber Co. v. Minnesota, 272 U.S. 469 (1926). Factors to be considered include the owner's intention, his ability to change destination, and the means of transportation, as well as the purpose of the interruption. Champlain Realty Co. v. Town of Brattleboro, supra. The Interstate Commerce Act does not forbid local taxation where it is otherwise permissible, Independent Warehouses, Inc. v. Scheele, supra at 85, nor does the form of billing control whether transportation is continuous, Minnesota v. Blasius, supra at 10. Whether the property described in the first clause of article 7150f is actually subject to state tax is a fact question, to be determined on a case by case basis. Although some of the described property is no doubt in interstate commerce, we cannot say that all of it is regardless of other facts surrounding the shipment. To the extent that the provision forbids taxation of property which our courts would hold has come to rest in Texas, we believe it would be held to be unconstitutional as an attempt to exempt taxable property. Dickison v. Woodmen of the World Life Insurance Society, 280 S.W.2d 315 (Tex. Civ. App. — San Antonio 1955, writ ref'd).

The second clause of article 7150f describes property that is no longer moving in interstate commerce and has come to rest in Texas for purposes that would subject it to state taxation. See Bacon v. People, supra; Calvert v. Zanes-Ewalt Warehouse, Inc., supra. The legislature has attempted to free this property from taxation by declaring that it does not acquire a taxable situs in the state if not detained more than nine months. Your inquiry raises the question of the constitutional limits on legislative authority to define tax situs. This is a difficult question, which has not been addressed by Texas courts.

The concept of "tax situs" has been explained by the Supreme Court of Texas in construing article 8, section 11 of the Constitution, which provides that "[a]ll property, . . . shall be assessed for taxation, and the taxes paid in the county where situated. . . ." (Emphasis added). This provision does not necessarily require personal property to be taxed in the county where it is physically located, but instead declares the common law rule that a taxing district may only tax property actually or constructively within its jurisdiction. Great Southern Life Insurance Co. v. City of Austin, 243 S.W. 778 (Tex. 1922). At common law, personal property was taxable only at the owner's domicile, a principle expressed by the maxim "mobilia sequunter personam." Exceptions developed so that certain tangible personal property had a taxable situs where employed in business, regardless of the owner's domicile. In addition, the legislature could fix the tax situs of securities at their business situs. Id. at 78. The court stated that the Constitution leaves the

field open for reasonable legislative action with regard to fixing tax situs and upheld a statute which required securities owned by an insurance company to be taxed at its home office, even though the certificates were deposited with the Secretary of State in Austin. The Supreme Court later upheld a statute fixing the tax situs of tangible personal property at the company's home office rather than where physically located. Dallas v. Texas Prudential Insurance Co., 291 S.W.2d 693 (Tex. 1956). See also Lawson v. City of Groves, 487 S.W.2d 439 (Tex. Civ. App. — Beaumont 1972, no writ).

In construing article 8, section 11 of the Constitution, the Supreme Court dealt with the legislature's power to fix the tax situs of personal property in one of two competing tax districts within the state. Texas courts have not dealt with a statute like article 7150f which does not establish tax situs but instead denies tax situs in Texas to property taxable in the state under the common law rule. See Greyhound Lines, Inc. v. Board of Equalization for the City of Fort Worth, 419 S.W.2d 345 (Tex. 1967); City of Dallas v. W. T. Overton, 363 S.W.2d 821 (Tex. Civ. App. — Dallas 1962, writ ref'd n.r.e.); Waggoner v. Whaley, 50 S.W. 153 (Tex. Civ. App. 1899, writ ref'd). Attorney General Opinions C-432 (1965); O-6764 (1945); O-3059 (1941). Other tax situs statutes specify a place for taxation in the state which has some connection with the property. See V.T.C.S. arts. 7147a, 7155, 7166, 7169; Ins. Code art. 3.15.

Although the Supreme Court has not evaluated a statute like article 7150f, it has suggested in dicta that a determination that property had no taxable situs in the state could grant a tax exemption:

> Neither the Constitution nor the statutes provide for exemption of personal property of foreign corporations in this State from taxation by this State and its political subdivisions. Indeed, the express language of Sec. 4, Art. VIII of the Constitution denies to the Legislature the power to grant such an exemption; and yet, to hold that the rolling stock of a foreign motor bus corporation, constantly traveling upon the highways of this State and enjoying the protection and benefits provided by this State, has no taxable situs in the State, would be to grant it tax exemption.

Greyhound Lines, Inc. v. Board of Equalization for the City of Fort Worth, supra at 348, 349 (emphasis added). The Supreme Court has also said that the Constitution permits "reasonable legislative action" to fix tax situs. Great Southern Life Insurance Co. v. City of Austin, supra at 785 (emphasis added); see also Texas Prudential Insurance Company v. City of Dallas, 282 S.W.2d 723 (Tex. Civ. App. — Waco 1955), aff'd, 291 S.W.2d 693 (Tex. 1956). We believe the courts would require tax situs statutes to have a reasonable basis in fact and common law principles.

See 21 J. Howell, Texas Practice §§ 127, 130.5, 138.  Article 7150f prohibits taxation of goods owned by a Texas taxpayer, physically present in the state for sufficient time to acquire tax situs at common law, see Attorney General Opinion O-6764 (1945), and not exempt as being in interstate commerce.   Under these circumstances, neither the facts nor common law principles support the conclusion that tax situs lies outside of Texas.  In our opinion, the courts would hold that article 7150f goes beyond reasonable legislative action to define tax situs and instead uses tax situs as a vehicle for granting a property tax exemption.

The Supreme Court of Utah considered a similar statute providing an ad valorem tax exemption for tangible personal property shipped beyond the state within a twelve month period.  Foulger Equipment Company v. State Tax Comm. of Utah, 397 P.2d 298 (Utah 1964).  It held that this statute violated a constitutional provision requiring that all tangible property in the state, not exempt under laws of the United States or the state constitution, shall be taxed in proportion to its value.  In our opinion, the Texas courts would also hold that article 7150f violates the corresponding provisions of the Texas Constitution.

In view of our answer to the constitutional question, we need not consider Mr. Westergren's question concerning the scope of the exemption.

### S U M M A R Y

Article 7150f, V.T.C.S., would probably be held by our courts to be unconstitutional in that it attempts to exempt property from taxation by deeming it to be in interstate commerce or to have a tax situs outside of Texas where fact and law do not support these conclusions.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn