

# The Attorney General of Texas

December 31, 1982

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Lloyd Doggett, Chairman
Subcommittee on Consumer Affairs
Texas State Senate
P. O. Box 12068
Austin, Texas    78711

Opinion No. MW-569

Re:    Standards governing confidentiality of communications between patients and non-physician professionals in the mental health field

Dear Senator Doggett:

You have requested our opinion on the relationship between article 5561h, V.T.C.S., and section 5.08 of article 4495b, V.T.C.S., the Medical Practice Act. Article 5561h, V.T.C.S., enacted in 1979, provides for the confidentiality of information communicated by a client to a professional consulted in connection with a mental or emotional condition or disorder. Acts 1979, 66th Leg., ch. 239, at 512. A "professional" includes licensed physicians and persons licensed or certified by the state of Texas in the diagnosis, evaluation, or treatment of any mental or emotional condition or disorder, or reasonably believed by the client so to be. V.T.C.S. art. 5561h, §1. Section 5.08 of article 4495b, enacted in 1981, governs the confidentiality of communications between a physician and patient. Acts 1981, 67th Leg., 1st C.S., ch. 1, at 1. Both statutes expressly apply to licensed physicians. In addition, the operative provision of section 5.08 of the Medical Practice Act reads as follows:

> (b) Records of the identity, diagnosis, evaluation, or treatment of a patient by a physician <u>that are created or maintained by a physician</u> are confidential and privileged and may not be disclosed except as provided in this section. (Emphasis added).

Since section 5.08 applies to records maintained by a physician as well as those created by him, it could apply to records prepared by a mental health professional working under a physician's supervision. The confidentiality provision of article 5561h, V.T.C.S., is phrased in similar terms:

> Records of the identity, diagnosis, evaluation, or treatment of a patient/client which are created or maintained by a professional are confidential and shall not be disclosed except as provided in Section 4 of this Act.

Sec. 2(b).

The provisions of section 5.08 track those of article 5561h, V.T.C.S., in a number of respects. However, the exemptions from the confidentiality requirement found in each statute are not entirely consistent. Thus, a physician who sees a patient in connection with a mental health problem, and mental health professionals working under a physician's supervision, may be faced with apparently conflicting duties with respect to the confidentiality of patient records. Your questions are directed at determining which statute controls in the event of such conflicts. You ask:

> 1. Which standards apply to non-physician professionals as defined in article 5561h, V.T.C.S., who are supervised by physicians; those of section 5.08 of the Medical Practice Act, or those of article 5561h, V.T.C.S.?

> 2. Which standards apply to non-physician professionals as defined in article 5561h, V.T.C.S., who are not supervised by physicians; those of section 5.08 of the Medical Practice Act, or those of article 5561h, V.T.C.S.

Each statute sets out a number of specific exceptions from its requirement that patient records be kept confidential. Certain exceptions appear in both statutes. For example, both statutes permit disclosure of information to any person who has the written consent of the patient or his representative. V.T.C.S. arts. 4495b, §5.08(h)(5); 5561h, §4(b)(4). Both statutes permit disclosure of information in court proceedings related to malpractice or the collection of fees for services rendered. V.T.C.S. arts. 4495b, §5.08(g)(1), (3); 5561h, §4(a)(1), (3).

A major difference exists with respect to the treatment of communications made in connection with a court-ordered examination. Article 5561h makes the following exception to the confidentiality privilege in court proceedings:

> [W]hen the judge finds that the patient/client after having been previously informed that communications would not be privileged, has made communications to a professional in the course of

> a court-ordered examination relating to the patient's/client's mental or emotional condition or disorder, providing that such communications shall not be privileged only with respect to issues involving the patient's/client's mental or emotional health. On granting of the order, the court, in determining the extent to which any disclosure of all or any part of any communication is necessary, shall impose appropriate safeguards against unauthorized disclosure.

Sec. 4(a)(4). Article 4495b, V.T.C.S., makes the following exception to its confidentiality privilege for court proceedings:

> [W]hen the disclosure is relevant to an involuntary civil commitment or hospitalization proceeding under:
>
> (A) the Texas Mental Health Code (Article 5547-1 et seq., Vernon's Texas Civil Statutes);
>
> (B) the Mentally Retarded Persons Act of 1977 (Article 5547-300, Vernon's Texas Civil Statutes);
>
> (C) Section 9, Chapter 411, Acts of the 53rd Legislature, Regular Session, 1953 (Article 5561c, Vernon's Texas Civil Statutes);
>
> (D) Section 2, Chapter 543, Acts of the 61st Legislature, Regular Session, 1969 (Article 5561c-1, Vernon's Texas Civil Statutes).

Sec. 5.08(g)(7).

The Medical Practice Act allows the disclosure of information in connection with an involuntary civil commitment or hospitalization under the enumerated statutes. It does not require that the patient have been informed prior to the examination that his communications would not be privileged. Thus, a practitioner subject only to the Medical Practice Act could testify in the enumerated court proceedings about information acquired in a court-ordered examination even though no prior warning had been given. The two statutes are in conflict with respect to this requirement.

The Medical Practice Act expressly provides that "[e]xceptions to the confidentiality privilege in this Act are not affected by any statute enacted before the effective date of this Act." Sec. 5.08(i). The Medical Practice Act became effective August 5, 1981. Acts 1981, 67th Leg., 1st C.S., ch. 1, at 37. Article 5561h, V.T.C.S., was

enacted in 1979 and thus is the earlier enacted statute.   Acts 1979, 66th Leg., ch. 239, at 512.   We believe that the Medical Practice Act should prevail in the event of conflict between its confidentiality provisions and the inconsistent provisions of prior statutes.

We have not overlooked the argument that article 5561h might be considered to be a specific statute which would prevail over the more general provisions of the Medical Practice Act.   A Texas appellate court has stated as follows:

> A specific act of legislation will supersede a general act where the general act does not, by its terms, show any intention to establish a law contrary to that contained in the specific act.

Texas Prudential Insurance Company v. City of Dallas, 282 S.W.2d 723, 725 (Tex. Civ. App. - Waco 1955), aff'd, 291 S.W.2d 693 (Tex. 1956). See also V.T.C.S. art. 5429b-2, §3.06 (Code Construction Act).   In this case, the Medical Practice Act includes a clear statement of legislative intent to depart from prior statutes.   The standards of section 5.08 of the Medical Practice Act apply to physicians practicing in the mental health area.   These standards will apply to records created or maintained by a physician by whomever prepared. See Attorney General Opinion MW-381 (1981).

Your second question concerns the standards applicable to non-physician professionals as defined in article 5561h who are not supervised by physicians.   Non-physician professionals who are acting independently of a physician are subject to the standards of article 5561h, V.T.C.S.   However, if they prepare records which a physician will maintain, these records will be subject to the standards expressed in section 5.08 of article 4495b, V.T.C.S.

## S U M M A R Y

The confidentiality standards of section 5.08 of article 4495b, V.T.C.S., apply to records created or maintained by a physician by whomever prepared.   The confidentiality standards of article 5561h, V.T.C.S., apply to non-physician professionals as defined in article 5561h who do not act under a physician's supervision.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Martha Allen
Rick Gilpin
Patricia Hinojosa
Jim Moellinger